**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Circle K Procurement and Brands Limited, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Goli Nutrition Incorporated, <br><br> Defendant. | No. CV-23-01417-PHX-DJH <br><br> **ORDER** |

Defendant Goli Nutrition Incorporated ("Defendant") has filed a Motion to Dismiss Plaintiff Circle K Procurement and Brands' ("Plaintiff") claims for breach of contract, arguing that the operative agreements between the parties are illusory. (Doc. 15). Plaintiff has filed a Response and Defendant a Reply. (Docs. 22 & 26). For the following reasons, the Court denies Defendant's Motion.

**I.    Background**

Before the court is a battle between industry giants: Circle K—widely known for its convenience stores and gasoline stations, and Goli Nutrition—widely known for its supplement products.[1]  This case arises from an alleged breach of contract on Defendant's

---

[1] Of note, Defendant Goli has filed for Chapter 15 Bankruptcy and the United States Bankruptcy Court has Ordered that Defendant is "entitled to the full protections and rights pursuant to section 1519(a)(l) of the Bankruptcy Code, which protections shall be coextensive with the provisions of sections 362 and 365(e) of the Bankruptcy Code, and this Order shall operate to stay, without limitation, any collection, enforcement efforts, or other actions of creditors, lessors, and any other parties against the Debtors and their property in the United States." (Doc. 27-1 at 5–6). Thus, the parties are ordered to meet and confer to inform the Court whether this proceeding should be stayed. *See Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1214 (9th Cir. 2002) ("The plain language of § 362(a)(1) [of the Bankruptcy Code] prohibits the continuation of judicial actions.").

part. (Doc. 1 at ¶ 9). The Purchase Agreement is the original agreement the Parties entered into. (*Id*; Doc. 1-2 at 1). The Placement Agreement is a companion agreement specifying where Defendant's products will be placed in Plaintiff's store and the amount Defendant will pay for such placement. (Doc. 1 at ¶¶ 9, 18). The Placement Agreement contains a termination clause that proscribes specific measures the Parties must follow upon termination. (Doc. 1-3 at 1–2). The Parties dispute the consequences of this provision. (Doc. 22 at 14 and Doc. 26 at 9).

Plaintiff brought two breach of Contract claims against Defendant: one for breach of the Purchase Agreement and one for breach of the Placement Agreement. (Doc. 1 at ¶¶ 35–40; 41–44). Defendant has filed a motion to dismiss Plaintiff's breach of contract claims, arguing Plaintiff failed to state a claim because no binding agreement exists between the parties. (Doc. 15). In short, Defendant claims the contracts are illusory. (Doc. 15 at 7-8). Plaintiff contends that, because both parties had obligations under the contract, it is not illusory; therefore, the court should deny Defendant's motion to dismiss. (Doc 22 at 12).

## II.     Legal Standard

A motion to dismiss confronts the court with a simple question: given Plaintiff's allegations, should this case proceed to discovery? *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "A claim may be dismissed only if it appears beyond [a] doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cook v. Brewer,* 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). If a complaint sets forth a cognizable legal theory that is "plausible on its face" it will survive a motion to dismiss. *Hannibal-Fishier v. Grand Canyon Univ.*, 523 F.Supp. 3d 1087, 1092-93 (D. Ariz. 2021) (quoting *Iqbal* 556 U.S. 662, 678, (2009)). "Rule 8(a)(2) requires a 'showing', rather than a blanket assertion, of entitlement to relief, as without some factual allegation in the complaint, it is hard to see how a claimant court could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the

1  claim rest". *Id.* at 1093 (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice
2  & Procedure § 1202, at 94–95 (3d ed. 2004)). "The complaint should not be dismissed
3  merely because the plaintiff's allegations do not support the legal theory he intends to
4  proceed on, since the court is under a duty to examine the complaint to determine if the
5  allegations provide for relief on any possible theory." *Pruit v. Chenney*, 963 F.2d 1160,
6  1164 (9th Cir. 1991) (citations omitted). Furthermore, a court must accept a plaintiff's
7  assertions as true and interpret their assertions in a light that favors them. *Shwartz v. United*
8  *States*, 234 F.3.d 428, 435 (9th Cir. 200). However, if plaintiff merely pleads conclusory
9  statements, they will not survive a motion to dismiss. *Bell Atl. Corp v. Twombly*, 550 U.S.
10 544, 555 (2007).

**III.    Discussion**

Defendant argues that Plaintiff has failed to state a claim because no binding enforceable contract exists between the parties. (Doc. 15 at 7). Defendant also argues that the Purchase Agreement is illusory because the contracts lack a mutuality of obligation. (Doc. 15 at 8). Defendant does not contend, however, that a valid contract exists or that a breach of this contract did not occur. (*See Id*. at 8–11). The Court will review each breach claim as it pertains to the agreement at issue.

"To state a breach of contract claim [under Arizona law], a plaintiff must allege that (1) a contract existed, (2) it was breached, and (3) the breach resulted in damages." *Riverwalk Condo. Unit Owners Ass'n v. Travelers Indem. Co.*, 2018 WL 3774084, at *2 (D. Ariz. June 28, 2018) (citing *Steinberger v. McVey ex rel. Cty. of Maricopa*, 234 Ariz. 125, 140 (Ariz. Ct. App. 2014)). "For an enforceable contract to exist, there must be an offer, an acceptance, consideration, and sufficient specification of terms so that the obligations involved can be ascertained." *Rogus v. Lords*, 804 P.2d 133, 135 (Ariz. Ct. App. 1991).

If a contract is found to be illusory, it is unenforceable for a lack of mutuality. *See Shattuck v. Precision-Toyota Inc.*, 115 Ariz. 586, 588 P.2d 1332, 1334 (1977). To determine whether a contract is illusory, state law governs the contract. *Nguyen v. Barnes*

& *Nobel Inc.* 763 F.3d 117,1 1175 (9th Cir. 2014) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995)).  So, Arizona state law applies.  "An illusory promise is one containing words in promissory form that promise nothing." *Flores v. Am. Seafoods Co.*, 335 F3.d 904, 912 (9th Cir. 2003) (quoting 2 Corbin on Contracts 142 (rev. ed. 1995)).  "In constructing any contract, [courts] favor a construction under which the agreement is legally valid over an interpretation which would require voiding the agreement." *Id.*  (quoting *United states v. Franco-Lopez*, 312 F.3d 984, 991 (9th Cir. 2002)).   The Ninth Circuit has noted that, under Arizona law, "[e]very contract contains an implied duty of good faith and fair dealing." *Branton v. W. Rsrv. Life Assurance Co. of Ohio*, 41 F. App'x 40, 42 (9th Cir. 2002) (citing *Rawlings v. Apodaca*, 151 Ariz. 149, 726 P.2d 565, 569 (Ariz.1986)).

When a contract is susceptible to two meanings—one meaning upholding the contract and the other rendering the contract illusory—the Court should select the meaning that upholds the contract.  *LaRussa v. NMTC, Inc.*, 2007 WL 9724933 at *3 (D. Ariz. Mar. 30, 2007).  Courts "interpret a contract whenever reasonable and possible in such a way as to uphold the contract."  *Shattuck*, 566 P.2d at 1335.  Illusory interpretations are so disfavored that "courts will not accept it if there is a reasonable alternative." *LaRussa*, 2007 WL 9724933, at *3 (quoting *J.C. Millett Co. v. Distillers Distributing Corp.* 258 F.2d 139, 142 (9th Cir. 1958).  The Court finds that Plaintiff has alleged facts that plausibly demonstrate that the Purchase Agreement is not illusory and will not dismiss Plaintiff's breach claim as to this Agreement for several reasons.

### a. The Purchase Agreement [2]

First, the Purchase Agreement imposes mutual obligations on both Parties.  Defendant relies on *Big Bear*, insisting that the contract should be void because Plaintiff's are not required to purchase any product from them.  (Doc. 26 at 5 (citing *Big Bear Imp. Brokers, Inc. v. LAI Game Sales,* 2010 WL 729208 (D. Ariz. Mar. 2, 2010)).  In *Big Bear*, the district court granted summary judgment on a breach of contract claim because the

---

[2] Defendant refers to Purchase Agreement as the "Master Agreement."  (Doc. 15 at 3).

plaintiff "provided no consideration for the Purchase Contract." *Big Bear,* 2010 WL 729208 at *2-3. The contract did not obligate the plaintiff to perform and thus was void. *Id.* at *2. Unlike *Big Bear*, the Purchase Agreement here requires Plaintiff to buy Defendant's products at $4.76 per unit and sell the product for $9.99 a unit. (Doc. 1-2 at 16). Plaintiff must buy Defendant's product, because Plaintiff's obligation is to "accept and pay in accordance with the contract." U.C.C. § 2-301 (Am. L. Inst. & L. Comm'n 2023). Given this, the Court finds that the Purchase Agreement is not void for lack of mutuality. Defendant also claims that the words "shall sell" do not require Circle K to buy. However, the Purchase Agreement obligates that Plaintiff must buy Defendants product at $4.67 a unit and sell it for $9.99 a unit. (Doc. 1-2 at 16). The parties refer to this portion of the Purchase Agreement as the "Guaranteed Obligation"- likely because it imposes an obligation on both parties. (Doc. 1-2 at 26).[3] Plaintiff further contends that they had an obligation to provide quarterly sales reports to Defendant. (Doc. 22 at 10). The Purchase Agreement is more than an "empty promise: because it imposes obligations on Plaintiff." *See Flores*, 335 F3.d at 912.

### b. The Placement Agreement

Second, Plaintiff alleges that it placed products in a premium location under the Placement Agreement, but that Defendant failed to make the required payments for that placement. (Doc. 1 at ¶ 24). Defendant alleges that Plaintiff could terminate the Purchase Agreement at any time, not that Plaintiff failed to place the product in the specified location. (Doc. 15 at 6). However, even if Defendant did dispute this, the court must accept Plaintiff's claims as true. *Shwartz* 234 F.3d at 428. Thus, pursuant to the Placement Agreement, Plaintiff gave up valuable retail space in its store to place Defendant's products. (Doc. 22 at 3; 11). Plaintiff asserts it complied with its obligation to perform under the Placement Agreement; so, the Agreement is not void for lack of mutuality.

Lastly, Defendant argues that the Purchase Agreement is illusory as Plaintiff could

---

[3] The Purchase Agreement also places an obligation on Defendant providing that if Defendant did not meet the threshold sale requirement, then Defendant will reimburse a portion of Plaintiff's required purchases at a rate of fifty-two percent. (Doc. 1-2 at 16).

- 5 -

"unilaterally terminate. . . for any reason," therefore, the contract is void. (Doc. 26 at 9). Plaintiff avers that Defendant had the option to discontinue the sale of any product and that the duty of good faith attaches to all contract provisions, which would require the Court to uphold the validity of the Placement Agreement. (Doc. 22 at 13).

Defendant further contends that the "Placement Agreement is void for the same reason[s]" as the Purchase Agreement. (Doc. 15 at 11). The Court disagrees with this argument for similar reasons. The Placement Agreement also contains a thirty-day written notice provision. (Doc. 1-3 at 1). Additionally, the Purchase Agreement says that it will "automatically terminate upon exportation or termination of the Master Agreement," referred to as the Purchase Agreement. (*Id.*) The winddown provisions limiting Plaintiff's termination in the Purchase Agreement also limit Plaintiff's termination in the Placement Agreement. Thus, the court declines to dismiss Plaintiff's Complaint by finding the Placement Agreement illusory due to the termination clause in the Purchase Agreement.

### c. The Covenant of Good Faith and Fair Dealing

The covenant of good faith and fair dealing is implied under Arizona law, which Arizona court's have used to find that a contract is not illusory. *See, e.g., Aero Med, Inc. v. White Mountain Comm. Hosp., Inc*., 2012 WL 4086531, at *4 (D. Ariz. Sept. 17, 2012). In the Ninth Circuit, "[t]he law implies a covenant of good faith and fair dealing in almost every contract. . . and arises by virtue of a contractual relationship." *Lory v. Fed. Ins. Co.*, 122 F. App'x 314 at 317 (9th Cir. 2005). As Plaintiff notes (Doc. 22 at 6), Arizona courts have upheld the validity of contracts challenged as illusory because the covenant of good faith and fair dealing is implied in every contract under Arizona law. *See, e.g., Aero Med, Inc.*, 2012 WL 4086531, at *4 (citing *Rawlings v. Apodaca*, 726 P.2d 565, 569 (Ariz. 1986).

Moreover, a contract that may appear illusory at first blush may still be upheld because the duty of good faith attaches to performance and enforcement of the contract. *See LaRussa*, 2007 WL 9724933, at *2. A "cancel for convince clause d[oes] not make a contract illusory where the party had to exercise this discretion in good faith." *Id*. Here, Plaintiff avers that the duty of good faith attaches to the termination clauses and thus the

contract should be upheld. (Doc. 22 at 15). Defendant rebuts this argument, reasoning that the duty of good faith does not attach because there was no contract obligation requiring Plaintiff to purchase products. (Doc. 26 at 8). In short, Defendant contends that the duty of good faith does not attach to an illusory contract. (Doc. 26 at 8). The Court agrees with Plaintiff because the implied duty of good faith and fair dealing attaches to all contracts in Arizona, including the Purchase Agreement and Placement Agreement in this case. *See Marciniak v. Veritas Techs. LLC,* 2023 WL 417634 (D. Ariz. 26, 2023) (granting summary judgment because "Arizona courts recognize contracts as valid despite clauses that preserved unilateral discretion to modify").

In *Big Bear* the court examined the termination clause and held "[t]he implied covenant of good faith and fair dealing cannot be breached if the parties did not ever into a valid contract." *Big Bear*, 2010 WL 729208, at *4. Defendant's argument that Plaintiff could unilaterally terminate the Purchase Agreement "for any reason" is without merit because there are provisions limiting Plaintiff's termination. (Doc. 15 at 9). Therefore, the Court will not dismiss Plaintiff's claim. As Defendant correctly articulates, in *Big Bear*, a similar case to the one at bar, the court found that the contract was void because the plaintiff could terminate the contract at will. *Id* at *3; (Doc. 26 at 11). The *Big Bear* court reasoned that, when the contract prescribes a party to provide written notice of termination, this will constitute unilateral termination. *Id.* The court interpreted the written notice provision to mean that the party can terminate at any time. *Id.* The *Big Bear* court followed the reasoning set out in *Shattuck* that "an agreement which permits one party to withdraw at his pleasure is void. *Id.* (quoting *Shattuck*, 566 P.2d at 1335). Written notice of termination alone means the party can unilaterally terminate. *See Shattuck*, 566 P.2d at 1335; *see also Big Bear*, 2010 WL 729208, at *3. Although there is a thirty-day notice provision present here, this case is distinguishable from *Big Bear* and *Shattuck* for two reasons.

First, Plaintiff states that, under the Purchase Agreement, Plaintiff has to "(a) pay Goli all undisputed amounts due with respect to product sold and delivered prior to

termination; and (b) to purchase up to a maximum ninety (90) day supply of finished goods" (Doc. 1-2 at 7). Second, Plaintiff also states under the Purchase Agreement "[e]ach party will use commercial reasonable efforts to assist the other Party in carrying out . . . the Agreement." (Doc. 22 at 14). Taking Plaintiff's assertions as true, as the Court must, the Court finds that these winddown provisions differentiate this case from *Big Bear* and *Shattuck*. Thus, the court will not dismiss the case due to the termination clause at this stage.

## IV.   Conclusion

For the reasons set forth above, the Court denies Defendant's Motion to Dismiss because, taking Plaintiff's allegations as true, the Purchase Agreement and Placement Agreement contained mutuality of obligation, and are therefore not illusory. Furthermore, one party cannot unilaterally terminate because the duty of good faith attaches to the contract, including the termination clause.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 15) is **DENIED**.

Dated this 16th day of April, 2024.

Honorable Diane J. Humetewa
United States District Judge